STATE OF CONNECTICUT *v.* RYSHON WELLS
(AC 28536)

McLachlan, Harper and McDonald, Js.

Argued April 24, 2008—officially released January 20, 2009

*Lisa M. Bennett,* deputy assistant public defender, for the appellant (defendant).

*Laurie N. Feldman,* special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Charles M. Stango,* assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Ryshon Wells, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32. The defendant claims that the court (1) improperly found that he violated conditions of his probation and (2) abused its discretion in revoking his probation and ordering him to serve the unexecuted portion of his original sentence. We conclude that part of the first claim is moot and dismiss that portion of the appeal. We decline to address the remaining issues raised in the first claim and find no merit in the second claim. Accordingly, we affirm the judgment of the trial court.

The record reveals that on July 9, 2002, the defendant was convicted of robbery in the first degree in violation

of General Statutes § 53a-134 (a) (4). The court sentenced the defendant to a term of incarceration of ten years, execution suspended after five years, followed by a five year term of probation with special conditions. One of the special conditions of the defendant's probation was that he "not possess weapons or drugs [and that he not] associate with anyone who possesses drugs or weapons."

After the defendant was released from the custody of the commissioner of correction and began to serve the probationary portion of his sentence, he was arrested and charged with violating the terms of his probation in that he had violated one or more criminal laws of the state, including the special condition of his probation that he not possess a weapon. At a probation revocation hearing in July, 2006, the state presented evidence concerning a March 26, 2006 incident involving the defendant that occurred at the residence of Luis Rivera in Bridgeport. The state presented evidence that during an argument involving the defendant, Rivera and others, the defendant pulled a gun from his waistband, pointed the gun at Rivera and fired the gun in his direction. The state also presented evidence concerning a second incident that occurred later that day, when police were investigating the shooting. The state presented evidence that during his investigation, Mark Martocchio, an officer with the Bridgeport police department, observed the defendant standing on a street corner. Martocchio, dressed in a police uniform, approached the defendant, identified himself and instructed the defendant to raise his hands. The defendant pulled a gun from his waistband, dropped the gun and began running from the officer. Despite Martocchio's commands to stop, the defendant continued to flee until he was apprehended by the police with the assistance of a police canine.

At the conclusion of the adjudicative phase of the hearing, the prosecutor argued that the defendant violated his probation in that he committed the crimes of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59, criminal possession of a firearm in violation of General Statutes § 53a-217 and interfering with an officer in violation of General Statutes § 53a-167a. In an oral ruling, the court found that the defendant, having read, understood and agreed to abide by the conditions of his probation, was involved in the confrontation at Rivera's residence in the manner alleged by the state. The court also found that Rivera testified credibly concerning this event and that, during the confrontation, the defendant pulled a gun from his waistband and fired the gun at Rivera. As to the second incident, the court found that the defendant retrieved a gun from his waistband and dropped it on the ground after hearing and observing Martocchio. The court found that the defendant ran from Martocchio, despite Martocchio's clear instructions to stop and raise his hands, and that Martocchio testified credibly concerning this event.

The court stated: "The court finds by a preponderance of the reliable and probative evidence that the defendant has violated his probation as follows: by violating the special condition of his probation that he not possess a weapon, by possessing the weapon both at the residence of Mr. Rivera and at the time that he was apprehended; two, by violating General Statutes § 53a-167a, interfering with a police officer, by running from the officer; by committing criminal attempt to commit assault in the first degree, General Statutes § 53a-59, and shooting the firearm at Mr. Rivera; and by violating General Statutes § 53a-217, criminal possession of a firearm, by possessing the firearm both at the residence of Mr. Rivera and at the time of his apprehension while the defendant had been convicted of a felony."

Following the dispositional phase of the proceeding, the court stated that the serious nature of the defendant's conduct and the fact that such conduct occurred less than six months into his probation led it to conclude that the beneficial aspects of probation were no longer being served. The court concluded that the defendant was "not a good risk for continued probation" and ordered that he serve the remainder of his sentence.

I

Before turning to the claims raised by the defendant, we must resolve a jurisdictional issue raised by the state. The defendant raises two claims in this appeal, one challenging the court's finding of a violation of probation and the other challenging the court's ruling in the dispositional phase of the proceeding. Relying on the defendant's subsequent conviction in a criminal proceeding, the state argues that we should dimiss as moot the portion of the appeal relating to the first claim. Because mootness implicates this court's subject matter jurisdiction; *State* v. *Boyle*, 287 Conn. 478, 485, 949 A.2d 460 (2008); we must resolve this issue before reaching any others.

The following additional facts are relevant to this issue. In September, 2006, the defendant was convicted, following a jury trial, of crimes occurring on March 26, 2006. Specifically, the defendant was convicted of criminal possession of a firearm in violation of § 53a-217, carrying a pistol without a permit in violation of General Statutes § 29-35 and interfering with an officer in violation of § 53a-167a. These crimes arose from the defendant's conduct at the time he was apprehended by police following the confrontation that occurred at Rivera's residence. Following the defendant's direct appeal, this court affirmed the judgment of conviction, and our Supreme Court denied the defendant's petition

for certification. See *State* v. *Wells*, 111 Conn. App. 84, 957 A.2d 557, cert. denied, 289 Conn. 958, 961 A.2d 423 (2008).

The state argues that the judgment of conviction, arising from conduct on which, in part, the court based its finding that the defendant had violated the terms of his probation, renders this appeal moot.[1] Relying primarily on *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005), the state argues that "the criminal conviction definitively decided the issue of probation violation" because, once the defendant had been convicted criminally for conduct underlying the violation of probation finding, it had been proven beyond a reasonable doubt that the defendant engaged in that conduct. The state argues that because of the conviction, no live controversy concerning the defendant's conduct exists. The state asserts that because the court need only have found that the defendant violated one condition of his probation, it is of no consequence to an analysis of the mootness issue that the criminal conviction was based only on a portion of the conduct on which the court based its finding that the defendant had violated his probation.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain

---

[1] This court resolved the defendant's direct appeal after the parties filed their appellate briefs and appeared before this court for oral argument in connection with the present appeal.

advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008).

Several relevant holdings concerning issues of mootness in appeals from judgments revoking probation guide us to a proper resolution of this issue. In *State* v. *Singleton,* supra, 274 Conn. 439, our Supreme Court held: "Where, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated."

In *State* v. *T.D.*, supra, 286 Conn. 366–67, our Supreme Court held: "[A] conviction following a jury verdict is indistinguishable from a conviction following a guilty plea or *Alford* plea[2] for purposes of eliminating any controversy over whether the criminal conduct underlying a violation of probation has occurred. If a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot.

[2] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

When, however, the defendant has pursued a timely appeal from a conviction for criminal conduct and that appeal remains unresolved, there exists a live controversy over whether the defendant engaged in the criminal conduct, and an appeal challenging a finding of violation of probation stemming from that conduct is not moot."

Also, in *State* v. *Preston*, 286 Conn. 367, 380, 944 A.2d 276 (2008), our Supreme Court held that a circumstance that renders moot a claim arising from the evidentiary, or adjudicative, phase of a revocation of probation proceeding does not render moot a claim arising from the dispositional phase of the proceeding. The court explained: "Although a finding of abuse of discretion during the dispositional phase will be rare when there is no live controversy as to whether the defendant violated his probation by committing a criminal offense, affirmance of the trial court's judgment is not a foregone conclusion. We conclude that when the defendant has raised a claim that the trial court abused its discretion in rendering its judgment during the dispositional phase, practical relief is available even when there is no live controversy as to whether the defendant committed the underlying offense and, therefore, the claim is not moot." Id., 381–82.

In the present case, we are presented with a situation in which, subsequent to a judgment revoking probation, the defendant was convicted of crimes for some of the conduct for which his probation was revoked. As we consider the present appeal, the defendant's timely appeal from that judgment of conviction has been resolved by this court, and his petition to appeal to the Supreme Court has been denied. On the basis of the holdings and reasoning in *Singleton* and *T.D.*, we conclude that there is no live controversy concerning the conduct underlying the criminal conviction. Insofar as the defendant claims that the evidence did not support

the court's finding that he possessed a gun and interfered with an officer at the time he was apprehended by the police on March 26, 2006, that portion of the appeal has become moot because the defendant has been convicted on the basis of such conduct, and his direct appeal following such conviction has been resolved by this court. See *State* v. *Wells*, supra, 111 Conn. App. 93.

We reach a different conclusion, however, with regard to the conduct that was not at issue in the defendant's criminal trial, namely, the conduct at Rivera's residence. In finding that the defendant violated his probation, the court found by a preponderance of the evidence that he committed the crimes of attempt to commit assault in the first degree and possession of a firearm in connection with this event. This conduct was not the subject of the defendant's criminal conviction, and, thus, there is no basis on which to conclude that the criminal conviction rendered moot the defendant's claim in the present appeal as it relates to those findings in the probation revocation proceeding.

Additionally, we note that the state argued in its brief that the defendant's conviction rendered moot the portion of the appeal related to the dispositional phase of the proceeding. The state filed its brief prior to the release of the Supreme Court's decision in *Preston*. During oral argument before this court, which followed the date of *Preston*'s release, the state withdrew this aspect of its mootness argument. On the basis of our Supreme Court's holding and reasoning in *Preston*, we conclude that the aspect of the appeal relating to the defendant's claim that the court abused its discretion in the dispositional phase of the proceeding is not moot. Accordingly, we will consider this claim on its merits.

II

The defendant first claims that the court improperly found that he violated the terms of his probation by possessing a gun and violating the criminal laws speci-

fied in its decision. The defendant argues that the evidence did not support the court's findings concerning his conduct at Rivera's residence or at the scene of his apprehension by the police. In this regard, the defendant argues that it was unreasonable for the court to have found that either Rivera or Martocchio testified credibly and argues that the state did not adequately bolster the testimony of these witnesses with other persuasive evidence.

We already have determined, in part I, that the portion of this claim that relates to the conduct that occurred at the time the defendant was apprehended by the police is moot. Accordingly, we do not address that part of the claim. Although the remainder of the claim, relating to the court's findings concerning the conduct that occurred at Rivera's residence, is not moot, we decline to address it in light of the circumstances of this appeal.

The prosecutor alleged that the defendant violated the conditions of his probation in different ways by engaging in criminal conduct. As set forth previously in this opinion, the court's ruling reveals that it premised its finding of a violation of probation on four separate criminal acts that it found were committed by the defendant. This court has observed that to support a judgment of revocation of probation, "[o]ur law does not require the state to prove that all conditions alleged were violated; it is sufficient to prove that one was violated." *State* v. *Widlak*, 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d 1222 (2003); see also *State* v. *Quinones*, 92 Conn. App. 389, 391, 885 A.2d 227 (2005), cert. denied, 277 Conn. 904, 891 A.2d 4 (2006). In *Widlak*, the defendant appealed from the judgment of the trial court revoking his probation. *State* v. *Widlak*, supra, 365. The trial court found that the defendant had violated the conditions of his probation in five distinct ways, including failing to report to his probation officer as directed and violating criminal laws. Id., 368–69. On appeal, however, the defendant challenged the court's findings only insofar

as they related to one of the five violations found by the court. Id., 369. This court declined to review the claim, reasoning that the issue raised was "not relevant to [its] determination as to whether the court properly revoked [the defendant's] probation. That is because the court's finding [challenged by the defendant on appeal] was not the sole basis for its conclusion that he violated the terms of his probation. . . . [T]hat conduct was one of five grounds on which the court based its judgment." Id., 369–70.

This rationale has been followed in other decisions of this court. Notably, in *State* v. *Payne*, 88 Conn. App. 656, 870 A.2d 1159, cert. denied, 274 Conn. 903, 876 A.2d 13 (2005), the defendant appealed from the judgment of the trial court revoking his probation. The trial court found that the defendant had violated his probation in two distinct ways in that he directed threats toward two different victims. Id., 659. On appeal, the defendant claimed that the court improperly admitted evidence that was relevant to the court's finding with regard to the defendant's conduct toward one of these victims. Id. This court declined to address the defendant's claim, reasoning that the court's finding with regard to the defendant's conduct toward the other victim was sufficient to support a finding that he had violated his probation. Id., 660. This court stated: "[A]dditional findings, although made, were not necessary to support the court's decision." Id.

Similarly, in *State* v. *Theoferlius D.*, 93 Conn. App. 88, 89, 888 A.2d 118 (2006), aff'd sub nom. *State* v. *T.D.*, 286 Conn. 353, 944 A.2d 288 (2008), the defendant appealed from the judgment of the trial court revoking his probation. The court found that the defendant had violated the conditions of his probation by failing to register as a sex offender and by failing to complete a treatment program. Id., 90. On appeal, the defendant challenged the court's admission of evidence relating

to each of these distinct violations of probation. Id., 92–93. This court rejected on its merits the defendant's claim that the trial court improperly admitted evidence relating to his failure to register as a sex offender. Id., 93. Although this court, to some extent, addressed the remaining evidentiary claim, it noted that its rejection of the first claim "render[ed] unnecessary any consideration of [that second] claim." Id.

On the basis of the rationale expressed in these opinions, we decline to review the defendant's claim. Having concluded that there is no live controversy with regard to whether the defendant engaged in criminal conduct, by possessing a firearm and interfering with a police officer, we likewise conclude that the court properly found that the defendant violated his probation. It would serve no useful purpose to consider whether the court properly found that the defendant engaged in criminal conduct at Rivera's residence, when the court's findings concerning his conduct at the time of his apprehension by police sufficiently supported its ruling.

### III

Finally, the defendant claims that the court abused its discretion in the dispositional phase of the proceeding. We disagree.

The defendant argues that the court had evidence before it that, prior to the events giving rise to the violation of probation charge, he had been fully compliant in meeting with his probation officer, that he had made efforts to further his education and to secure employment and that he "was well on his way toward rehabilitation . . . ." As stated previously, the court revoked the defendant's probation and sentenced him to serve the entire five year portion of his suspended sentence after concluding that his criminal conduct was serious in nature and that it had occurred within a relatively short period of time after he began serving

his probation. The court concluded that the defendant was "not a good risk for continued probation." Essentially, the defendant claims that the court did not give enough weight to the positive aspects of his behavior during probation but, instead, focused on his criminal conduct in applying an excessive sentence. The defendant argues that the court "fail[ed] to carefully weigh the benefits of rehabilitating [him] with the need to protect the public."

"The standard of review of the trial court's decision at the [dispositional] phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . In the dispositional phase, [t]he ultimate question [in the probation process is] whether the probationer is still a good risk. . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, supra, 286 Conn. 377.

The court appears to have undertaken an appropriate analysis of the facts in reaching its disposition. The court's findings concerning the defendant's conduct less than six months following his release reasonably permitted the court to conclude, as it did, that the defendant's conduct was inimical to his rehabilitation and the safety of the public. The defendant was on probation following his conviction for robbery in the first degree. The conduct at issue here was similarly egregious, and,

on the basis of that serious criminal conduct, we conclude that the court reasonably determined that the defendant was no longer a good risk for probation. Accordingly, we are not persuaded that the court's decision to revoke the defendant's probation reflected anything less than a sound exercise of its discretion.[3]

The appeal is dismissed with respect to the defendant's claim that the court improperly found that he violated his probation by engaging in criminal conduct at the time of his apprehension by the police. The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The court exercised its discretion in accordance with § 53a-32 (b), which, upon a finding that violation of probation has occurred, affords the court authority to revoke the defendant's probation and to order that he serve the sentence imposed, or any portion thereof. To the extent that the defendant also claims that the five year sentence imposed by the court was excessive, we deem such argument to be misplaced. An appeal following a revocation proceeding is not the proper forum in which to challenge the length of such sentence. See *State* v. *Fagan*, 280 Conn. 69, 107 n.24, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007).