STATE OF CONNECTICUT *v.* STANLEY BENJAMIN
(AC 29170)

McLachlan, Harper and Schaller, Js.

226

Argued January 13—officially released May 5, 2009

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Pamela J. Esposito*, assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Stanley Benjamin, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32, and the judgment of conviction, rendered following a jury trial, of possession of narcotics in violation of General Statutes § 21a-279. The defendant claims that insofar as it is based on the court's finding that he assaulted an elderly person, the judgment revoking his probation should be set aside because (1) the evidence did not support the court's finding and (2) the court, in making

such finding, relied on evidence that it should have suppressed. We affirm the judgments of the trial court.

The record reveals the following facts and procedural history, which are not in dispute. The defendant was convicted of selling narcotics and, in 2003, was sentenced to a five year term of incarceration, execution suspended after one year, followed by three years of probation. In 2003, the defendant was released from incarceration, signed a conditions of probation form and began serving his probation. As is customary, one of the conditions of the defendant's probation was that he not violate any law of the state of Connecticut. On two subsequent occasions, the court extended the defendant's term of probation following the defendant's violation of the conditions of his probation. Those events are not germane to this appeal.

On June 10, 2006, while the defendant was serving his probation, he was arrested and charged, under docket number CR-06-216449-S (criminal case), with possession of narcotics, assault of an elderly person in the third degree and attempt to commit robbery in the second degree. Following the defendant's arrest, the defendant was charged, under docket number CR-02-182546-S (violation of probation case), with having violated the terms of his probation by engaging in criminal conduct on June 10, 2006. The court granted the state's motion to consolidate the violation of probation case and the criminal case.

During jury deliberations in the criminal case, the court orally set forth its finding that the defendant had violated his probation by engaging in criminal conduct.[1]

---

[1] The court's oral decision concerning the adjudicative phase of the violation of probation proceeding appears within the certified transcripts of the proceedings at trial. The record, however, does not contain a signed transcript of the court's decision as is required by Practice Book § 64-1 (a). "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal.

The court found that on June 10, 2006, the defendant possessed narcotics and committed an assault on an elderly person, as alleged by the state in the criminal case.

The jury found the defendant guilty of the narcotics charge but found him not guilty of the assault charge.[2] Prior to sentencing in the criminal case, the court heard evidence in the dispositional phase of the violation of probation case. Following that proceeding, the court found that the beneficial purposes of probation were no longer being served. After hearing argument as to the proper sentence, the court noted that the defendant, aged fifty-three years, had an extensive record of criminal activity that spanned nearly his entire adult life and that prior efforts at rehabilitation had not yielded positive results. The court deemed the defendant's presentence investigation report "one of the worst" that it had ever reviewed. The court also discussed the criminal activity at issue, possession of narcotics and assault. The court viewed that criminal conduct as evidence that the defendant had not made any progress toward becoming a law-abiding person.

In the violation of probation case, the court sentenced the defendant to serve four years of his unexecuted sentence. As a result of the conviction in the criminal case, the court sentenced the defendant to a three year term of incarceration. The court ordered that the sentence in the criminal case run consecutively to the sentence in the violation of probation case, resulting in a

---

. . ." Practice Book § 61-10. The record does not reflect that the defendant attempted to remedy this defect pursuant to Practice Book § 64-1 (b). This defect in the record, however, does not hamper our review because we readily are able to identify in the transcript of proceedings a sufficiently detailed and concise statement of the court's findings. See *State* v. *Brunette*, 92 Conn. App. 440, 446, 886 A.2d 427 (2005), cert. denied, 277 Conn. 902, 891 A.2d 2 (2006).

[2] The state withdrew the robbery charge during the trial.

total effective term of imprisonment of seven years. This appeal followed.

The defendant claims that the evidence did not support the court's finding in the violation of probation case that he had committed an assault of an elderly person. The defendant also claims that the court improperly denied his motion to suppress identification evidence presented by the state, which was relevant only with regard to the assault charge. The defendant has not raised any claim in this appeal related to his conviction of possession of narcotics. Likewise, he has not raised any claim in this appeal related to the court's finding, made during the adjudicative phase of the violation of probation case, that he possessed narcotics unlawfully. The defendant requests that insofar as it is related to the court's finding that he engaged in assaultive conduct, the judgment revoking his probation should be set aside. The defendant requests that we remand the case to the trial court "for resentencing based exclusively on the possession of narcotics [finding]."

In light of the court's findings and the claims raised in the defendant's appeal, it is unnecessary for us to reach the merits of the defendant's claims. In a recent decision, this court declined to address a defendant's claim that one of a trial court's findings in the adjudicative phase of a violation of probation proceeding was not supported by the evidence. *State* v. *Wells*, 112 Conn. App. 147, 156–58, 962 A.2d 810 (2009). In *Wells*, the trial court found that the defendant had violated his probation, first, by engaging in criminal conduct during a shooting and, later, by engaging in criminal conduct when the police were investigating the earlier shooting. Id., 149–50. On appeal, the defendant challenged the court's findings that he had engaged in criminal conduct during both of these separate incidents. Id., 148. This court concluded that, insofar as the appeal related to

the propriety of the court's finding that the defendant had engaged in criminal conduct at the time that the police were investigating the shooting, the appeal had become moot. Id., 154–55. This conclusion was based on the fact that the defendant, following a separate criminal proceeding, had been convicted of that criminal conduct, the conviction had been affirmed by this court on direct appeal and our Supreme Court had denied the defendant's petition for certification to appeal from this court's decision. Id., 154. This court declined to review the claim related to the trial court's finding that the defendant had engaged in criminal conduct during the shooting. Id., 156.

The reasoning set forth in *Wells* is instructive: "This court has observed that to support a judgment of revocation of probation, '[o]ur law does not require the state to prove that all conditions alleged were violated; it is sufficient to prove that one was violated.' *State* v. *Widlak*, 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d 1222 (2003); see also *State* v. *Quinones*, 92 Conn. App. 389, 391, 885 A.2d 227 (2005), cert. denied, 277 Conn. 904, 891 A.2d 4 (2006). In *Widlak*, the defendant appealed from the judgment of the trial court revoking his probation. *State* v. *Widlak*, supra, 365. The trial court found that the defendant had violated the conditions of his probation in five distinct ways, including failing to report to his probation officer as directed and violating criminal laws. Id., 368–69. On appeal, however, the defendant challenged the court's findings only insofar as they related to one of the five violations found by the court. Id., 369. This court declined to review the claim, reasoning that the issue raised was 'not relevant to [its] determination as to whether the court properly revoked [the defendant's] probation. That is because the court's finding [challenged by the defendant on appeal] was not the sole basis for its conclusion that he violated the

terms of his probation. . . . [T]hat conduct was one of five grounds on which the court based its judgment.' Id., 369–70.

"This rationale has been followed in other decisions of this court. Notably, in *State* v. *Payne*, 88 Conn. App. 656, 870 A.2d 1159, cert. denied, 274 Conn. 903, 876 A.2d 13 (2005), the defendant appealed from the judgment of the trial court revoking his probation. The trial court found that the defendant had violated his probation in two distinct ways in that he directed threats toward two different victims. Id., 659. On appeal, the defendant claimed that the court improperly admitted evidence that was relevant to the court's finding with regard to the defendant's conduct toward one of these victims. Id. This court declined to address the defendant's claim, reasoning that the court's finding with regard to the defendant's conduct toward the other victim was sufficient to support a finding that he had violated his probation. Id., 660. This court stated: '[A]dditional findings, although made, were not necessary to support the court's decision.' Id.

"Similarly, in *State* v. *Theoferlius D.*, 93 Conn. App. 88, 89, 888 A.2d 118 (2006), aff'd sub nom. *State* v. *T.D.*, 286 Conn. 353, 944 A.2d 288 (2008), the defendant appealed from the judgment of the trial court revoking his probation. The court found that the defendant had violated the conditions of his probation by failing to register as a sex offender and by failing to complete a treatment program. Id., 90. On appeal, the defendant challenged the court's admission of evidence relating to each of these distinct violations of probation. Id., 92–93. This court rejected on its merits the defendant's claim that the trial court improperly admitted evidence relating to his failure to register as a sex offender. Id., 93. Although this court, to some extent, addressed the remaining evidentiary claim, it noted that its rejection

of the first claim 'render[ed] unnecessary any consideration of [that second] claim.' Id." *State* v. *Wells*, supra, 112 Conn. App. 156–58.

The rationale set forth in *Wells* and the cases cited therein clearly apply to the present case. Those decisions undermine the defendant's request that we set aside the judgment of revocation in part, even though a sufficient basis to support that judgment remains unchallenged. There is no controversy as to whether the defendant engaged in criminal conduct by possessing narcotics. That criminal conduct amply supported the court's judgment of revocation.[3] See General Statutes § 53a-32 (authorizing court to revoke sentence of probation for any violation of conditions of probation).

Further, these decisions also undermine the defendant's assertion that, if we conclude that the court's finding concerning the assault charge was improper, we should remand the case for resentencing based solely on the possession of narcotics finding. Our thorough review of the defendant's brief reveals that with regard to the issue of resentencing, the defendant has done no more than to request such relief after analyzing his claims. During oral argument before this court, the defendant's attorney, for the first time, set forth a basis for such relief by suggesting that the court's finding that the defendant had engaged in assaultive conduct may have affected the severity of the court's sentence. Accordingly, we are presented with a claim concerning the sentencing portion of the proceeding that was not analyzed in the defendant's brief, was discussed by the defendant for the first time during oral argument and appears to be based on speculation as to how the court might have sentenced the defendant if it had not made

---

[3] During oral argument before this court, the defendant's attorney acknowledged that the trial court's finding that the defendant possessed narcotics was a sufficient basis for the court's decision to revoke probation.

some of the findings that it had made. When presented with claims of a similar nature, related to the issue of resentencing in violation of probation cases, this court has declined to review them. See *State* v. *Widlak,* supra, 74 Conn. App. 370–71; *State* v. *Holmes,* 70 Conn. App. 4, 5 n.2, 796 A.2d 561 (2002); cf. *State* v. *Johnson,* 75 Conn. App. 643, 817 A.2d 708 (2003).[4] In light of the claims raised by the defendant in this appeal and the basis of the court's judgment, we deem it unnecessary to reach the merits of the defendant's claims.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[4] The defendant in *Johnson* appealed from the judgment of the trial court revoking his probation and imposing a three year term of incarceration. *State* v. *Johnson,* supra, 75 Conn. App. 643. During the revocation proceeding, the trial court took into consideration the defendant's repeated refusal to sign forms outlining his conditions of probation. Id., 659. This court determined that there was an irregularity in these forms, however, in that they did not accurately describe the conditions of probation imposed by the court at the time of sentencing. Id., 659–60. This court concluded that the trial court's specific reliance on the defendant's refusal to sign forms that were incorrect had implicated "[t]he fairness, integrity and public confidence in the judicial process . . . ." Id., 661. This court reversed the judgment of revocation only as to the sentence imposed and remanded the case to the trial court with direction to resentence the defendant. Id. *Johnson* is distinguishable from the present case, both in terms of its unique facts, involving "an error in the exemplification of a court order," and because the defendant in *Johnson* adequately briefed a claim related to the sentencing phase of the violation of probation proceeding. See id., 660 n.7.