STATE OF CONNECTICUT *v.* QUINCE A. FRANCIS
(AC 34297)

DiPentima, C. J., and Gruendel and Flynn, Js.

Argued September 9—officially released October 15, 2013

*Matthew J. Collins*, assigned counsel, for the appellant (defendant).

*Marina L. Gagliardi*, certified legal intern, with whom were *Bruce R. Lockwood*, senior assistant state's attorney, and, on the brief, *Gail P. Hardy*, state's attorney, and *Donna Mambrino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Quince A. Francis, appeals from the judgment of the trial court finding him in violation of his probation pursuant to General Statutes § 53a-32. The defendant claims that the court (1) erroneously found that he violated certain conditions of his probation and (2) abused its discretion in sentencing him. We affirm the judgment of the trial court.

In 2003, the defendant pleaded guilty to robbery in the first degree in violation of General Statutes § 53a-134 (a) (2).[1] The court sentenced the defendant to a term of fourteen years incarceration, execution suspended

---

[1] A conviction under § 53a-134 (a) (2) "requires that [a defendant] be armed with a 'deadly weapon' while committing the robbery or in the immediate flight therefrom." *State* v. *Guzman*, 110 Conn. App. 263, 271, 955 A.2d 72 (2008), cert. denied, 290 Conn. 915, 965 A.2d 555 (2009).

after seven years, followed by a five year term of probation. The conditions of his probation required, inter alia, the defendant to "[s]ubmit to random drug screening" and to "not violate any criminal law of the United States, this state or any other state or territory." On April 27, 2009, the defendant's probationary period commenced.

The defendant subsequently was involved in a domestic dispute with his wife, Amy Malachi. On June 29, 2010, the defendant appeared before the court, *Gold*, *J.*, and admitted to having violated the terms of his probation in connection with that incident. The defendant's probationary period thereafter was continued, though subject to additional conditions requiring him to make "no threats or violence" toward Malachi and to complete a family violence education program.

On November 29, 2010, the defendant submitted to a urinalysis test, as required by the terms of his probation, and tested positive for marijuana. On the morning of December 15, 2010, the defendant approached Malachi as she was walking to work and grabbed her by the throat. As Malachi later testified, "he choked me, and while he was choking me he was saying that he was gonna kill me, [that I was not] gonna make it to work this morning." When Malachi kicked him, the defendant fled. Malachi then contacted the police, who advised her to proceed to the emergency room at Saint Francis Hospital and Medical Center. Once there, Malachi was treated by physicians in the trauma unit, where she was sedated and intubated. Malachi remained in the hospital's critical care unit for three days.

The defendant was arrested and charged with three counts of violating his probation in violation of § 53a-32.[2] Following an evidentiary hearing, the court found

---

[2] Count one alleged that the defendant had tested positive for marijuana. Count two pertained to the assault of Malachi and alleged that the defendant had violated a protective order, had threatened and strangled her, and had

that the defendant had violated the terms of his probation. It then revoked his probation and sentenced him to a term of seven years incarceration. This appeal followed.

I

The defendant challenges as clearly erroneous the court's factual findings that he violated the conditions of his probation by (1) assaulting Malachi, (2) testing positive for marijuana, and (3) interfering with an officer. In response, the state submits that his claim with respect to the assault on Malachi is moot. We agree with the state.

"Mootness implicates a court's subject matter jurisdiction . . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008). "[B]ecause [a] determination regarding a . . . court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004).

committed a breach of the peace. Count three alleged that the defendant interfered with an officer on the date of that assault.

The state argues that the defendant's challenge to the court's finding that he violated his probation by assaulting Malachi is moot because on November 30, 2011, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[3] to the offense of assault in the second degree in violation of General Statutes § 53a-60.[4] The defendant did not file a timely direct appeal from that judgment of conviction.

"If a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot." *State* v. *T.D.*, supra, 286 Conn. 366; see also *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005) ("[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated"). That precedent compels the conclusion that the defendant's claim is moot with respect to the finding that he violated his probation by assaulting Malachi.

In light of the foregoing, we decline to review the defendant's challenges to the two remaining findings of the court. "[T]o support a judgment of revocation of probation, [o]ur law does not require the state to prove

---

[3] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] On September 4, 2013, we granted the state's motion to supplement the record by filing the transcript of the November 30, 2011 proceeding, at which the defendant pleaded guilty to the foregoing offense related to his December 15, 2010 assault of Malachi.

that all conditions alleged were violated; it is sufficient to prove that one was violated." (Internal quotation marks omitted.) *State* v. *Wells*, 112 Conn. App. 147, 156, 962 A.2d 810 (2009). The defendant's November 30, 2011 guilty plea furnished an ample basis for the court, in the adjudicative phase of the proceeding, to find that he violated his probation. See *State* v. *Benjamin*, 299 Conn. 223, 231, 9 A.3d 338 (2010). Accordingly, it would serve no useful purpose to consider whether the court properly found that the defendant tested positive for marijuana and interfered with an officer, particularly when the court did not address those findings during the dispositional phase of the proceeding. See *State* v. *Wells*, supra, 158.

## II

The defendant also claims that the court abused its discretion in sentencing him to a term of seven years incarceration. "The standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the

probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citation omitted; internal quotation marks omitted.) *State v. Rodriguez*, 130 Conn. App. 645, 649–50, 23 A.3d 826 (2011).

The court expressly balanced those considerations in its oral ruling. In so doing, the court focused almost exclusively on the defendant's December 15, 2010 assault of Malachi; the court did not mention the defendant's positive drug test or his interference with officers at the time of his arrest. As the court stated in rendering its decision: "The court notes that this is a second violation of probation, that his first violation of probation in fact involved, again, new alleged criminal conduct while on probation. He was reinstated in probation from that violation on November 3, 2010, and barely thirty days more, on December 15, 2010, he was arrested on site for, again, injuries that have [been] alleged to have resulted in [Malachi] being hospitalized in the critical care unit and being required to be intubated and sedated because of the injuries. The police also testified that there was an outstanding warrant for an earlier incident which would have occurred on December 2, [2010] within or less than thirty days of his being placed back on probation. Due to this being the second violation of probation, due to what the court perceives to be new criminal conduct, which is of a violent and escalating nature, and the fact that the original offense, which is really what the court considers in determining the appropriate sentence, was an armed robbery at a Shaw's supermarket, in which this defendant is alleged to have brandished a knife at an employee at that store during the course of the robbery. The court believes he is not a good candidate for probation, and the safety of the public clearly outweighs the probationer's liberty and rehabilitation. It is the sentence of the court, based on

those factors, that the probation be revoked, that the seven year sentence to serve be imposed . . . ."

On the record before us, we cannot conclude that the court abused its discretion in sentencing the defendant to the remaining seven years of his original sentence. The defendant's probation officer, Matthew Buzzeo, testified during the dispositional phase of the proceeding that the beneficial purpose of probation had not been served with respect to the defendant and, further, that a continuation of probation would not serve as a useful rehabilitative tool for him. In considering the safety of the public, the court properly emphasized that the defendant was on probation following his conviction for committing an armed robbery. The defendant's conduct in assaulting Malachi, which necessitated emergency medical treatment, including intubation, was similarly egregious. Indulging every reasonable presumption in favor of the correctness of the court's ruling, we conclude that the court did not abuse its discretion during the dispositional phase of the defendant's revocation of probation proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.