STATE OF CONNECTICUT *v.* DWIGHT G.[1]
(AC 30670)

Bishop, Harper and Peters, Js.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued May 24—officially released September 14, 2010

*Todd A. Bussert,* special public defender, for the appellant (defendant).

*Richard K. Greenalch, Jr.,* special deputy assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich,* state's attorney, and *Edward Azzaro,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. On appeal, the defendant, Dwight G., challenges the judgment of the trial court revoking his probation. We conclude that the defendant has failed to prove that the court abused its discretion in doing so. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the present appeal. On June 20, 2001, the defendant was convicted of sexual assault of a spouse or cohabitant in violation of General Statutes § 53a-70b. The court, *Foley J.,* sentenced the defendant to ten years of imprisonment, suspended after three years, and ten years probation. As special conditions to the defendant's probation, the defendant was

prohibited from having contact with the victim, required to register as a sexual offender, required to undergo counseling and required to comply with any special sex offender conditions mandated by the court support services division.

On November 12, 2008, the state, in a substitute information, charged the defendant with violating the terms of his probation in violation of General Statutes § 53a-32 for (1) having contact with the victim, (2) possessing sexually stimulating material in violation of the sex offender conditions of probation and (3) committing a crime while on probation. During the adjudicatory phase of the revocation of probation hearing, the court, *Swords*, *J.*, found that the defendant had violated all three conditions of his probation. During the dispositional phase of the hearing, the court determined that the beneficial aspects of probation were no longer being served. Accordingly, the court revoked the defendant's probation and ordered him to serve the unexecuted portion of his sentence. This appeal followed.

On appeal, the defendant does not challenge the court's finding that, after being released from prison, he married the victim and cohabited with her. The defendant concedes, as he must, that he violated the terms of his probation by having contact with the victim. The defendant claims, however, that (1) the court improperly found that his possession of sexually stimulating material constituted a violation of probation; (2) the state failed to charge that he actually committed a crime, instead only charging him with being arrested for a crime, and, therefore, the court improperly found that he had committed a crime while on probation; and (3) the court improperly restricted defense counsel's cross-examination of the victim. As a result of these alleged deficiencies in the adjudicatory phase of the

hearing, the defendant argues that the case should be remanded for a new dispositional hearing.

"A revocation proceeding is held to determine whether the goals of rehabilitation thought to be served by probation have faltered, requiring an end to the conditional freedom obtained by a defendant at a sentencing that allowed him or her to serve less than a full sentence. . . . [T]he ultimate question [in the probation process is] whether the probationer is still a good risk . . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Internal quotation marks omitted.) *State* v. *Fagan,* 280 Conn. 69, 105, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007).

"This court has observed that to support a judgment of revocation of probation, '[o]ur law does not require the state to prove that all conditions alleged were violated; it is sufficient to prove that one was violated.' *State* v. *Widlak,* 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d 1222 (2003) . . . ." (Citation omitted.) *State* v. *Wells,* 112 Conn. App. 147, 156, 962 A.2d 810 (2009). We conclude, as this court did in *Widlak,* that "[t]he court's considerations, in imposing sentence, as appear of record, were an appropriate exercise of judicial discretion. The defendant has failed to satisfy his heavy burden to prove any abuse of discretion by the court in imposing sentence, even if the court based such sentence on a violation of a single condition of his probation." *State* v. *Widlak,* supra, 376.

The judgment is affirmed.