STATE OF CONNECTICUT *v.* JOSUE RODRIGUEZ
(AC 31680)

Gruendel, Beach and Schaller, Js.

Argued April 12—officially released August 9, 2011

*David V. DeRosa*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Josue Rodriguez, appeals from the judgment of the trial court finding him in violation of his probation pursuant to General Statutes § 53a-32. The defendant claims that (1) there was insufficient evidence for the court to find by a preponderance of the evidence that he had violated the terms of his probation and (2) the court abused its discretion in revoking his probation and sentencing him to twelve years imprisonment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. In 2005, the defendant

was convicted of sale of narcotics in violation of General Statutes § 21a-277 (a), and sentenced to twelve years incarceration, execution suspended, with five years probation. As a condition of the defendant's probation, he was not to violate the criminal laws of the state. In 2007, the defendant was convicted of risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and burglary in the third degree in violation of General Statutes § 53a-103. He was sentenced to a total effective term of ten years incarceration, execution suspended, and five years probation. The defendant also was found in violation of his probation imposed in 2005, as a result of those offenses. His probation was not revoked, but, rather, it was to run concurrently with the probationary term imposed for the conviction. The conditions of his probation included, inter alia, no contact with the victim, Damaris Sanchez and a "zero tolerance" provision for any violations.

In the early morning hours on November 14, 2008, Sanchez, the defendant's former wife with whom he had an "on and off" relationship, was asleep in her home when she awoke to the smell of gasoline fumes. When she looked outside the house, she saw a shadowy human figure walk near the front of her house. When she saw the person's face, she recognized the person as the defendant. She saw the defendant light a lighter near the hood of her car, and she yelled to him, "what are you doing to my car." The defendant ran away. Once outside, Sanchez noticed that the defendant had vandalized her house and car with obscene words and phrases.

On April 13, 2009, the court found that the defendant violated his probation by committing criminal mischief and violating the no contact order. The court revoked his probation and sentenced him to serve the entire twelve years of his original 2005 sentence. This appeal followed.

I

The defendant first claims that there was insufficient evidence for the court to find that he had violated his probation. Before we address the merits of the defendant's claim, we must resolve a preliminary issue raised by the state. The state argues that we should dismiss as moot the defendant's insufficiency claim. We agree with the state.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute. . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008).

The state argues that the defendant's challenge to the violation of probation finding was moot because on April 13, 2009, the day that he was sentenced for violating his probation, he also appeared before another judge on the underlying criminal charges and pleaded guilty, pursuant to the *Alford* doctrine,[1] to attempt to

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

commit arson in the second degree in violation of General Statutes §§ 53a-112 and 53a-49. The defendant was thereafter sentenced to eight years incarceration, concurrent to the twelve year sentence imposed for violating probation. The defendant argues that his claim is not moot because he has filed a habeas petition, which is currently pending, in which he seeks relief from the criminal conviction arising from the same transaction. We agree with the state.

For the reasons set forth in *State* v. *Milner*, 130 Conn. App. 19, 25–29, 21 A.3d 907 (2011), which addresses the identical issue, we conclude that the defendant's sufficiency claim is moot. "[A] collateral attack on the intervening criminal conviction does not serve to revive the controversy such that mootness is averted." Id., 27.

## II

The defendant next claims that the court abused its discretion in revoking his probation and sentencing him to twelve years incarceration.[2] We disagree.

"The standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation

---

[2] The defendant's remaining claim, which concerns the court's actions during the dispositional phase, is not moot. See *State* v. *Preston*, 286 Conn. 367, 381–82, 944 A.2d 276 (2008) ("when the defendant has raised a claim that the trial court abused its discretion in rendering its judgment during the dispositional phase, practical relief is available even when there is no live controversy as to whether the defendant committed the underlying offense and, therefore, the claim is not moot").

marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185–86, 842 A.2d 567 (2004). "On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Internal quotation marks omitted.) *State* v. *Mapp*, 118 Conn. App. 470, 478, 984 A.2d 108 (2009), cert. denied, 295 Conn. 903, 988 A.2d 879 (2010).

Prior to revoking the defendant's probation, the court found that, in light of the defendant's extensive criminal history, which includes assaultive behavior, and his various violations of probation, the beneficial aspects of probation were no longer being served. The court further stated that the defendant's actions on the night in question were "very violent and dangerous." The court noted that although Sanchez "has some problems," she was a "typical battered spouse or significant other," and had written a letter to the court expressing fear that the defendant would harm her. The court determined that because the defendant had not made a reasonable attempt to alter his lifestyle in order to comply with the conditions of his probation, he was no longer a good risk to be successful on probation.

The defendant argues that in analyzing whether he would benefit from continued probation, the court failed to take into account his mental illness. He highlights the argument made by his defense counsel during the dispositional phase, wherein defense counsel stated that he had known the defendant for many years and

that the defendant was a "decent person at the core" but that the defendant's behavior in this case was a result of his failure to take his medication for his mental illness. The defendant argues that in spite of defense counsel's argument, the court attributed the defendant's conduct to a violent nature rather than any form of mental illness.

Although the court did not specifically mention any mental condition, it was not an abuse of discretion for the court to reject the defendant's argument. *State* v. *Dull*, 59 Conn. App. 579, 589–90, 757 A.2d 1194 (2000) (trier of fact free to disbelieve defendant's claim of insanity). A court is not necessarily prohibited from revoking probation in every case of mental illness. See *State* v. *Agli*, 122 Conn. App. 590, 595–96, 1 A.3d 133 (despite defendant's diminished capacity not abuse of discretion for court to revoke probation where defendant capable of recognizing consequences of failure to abide by terms of probation), cert. denied, 298 Conn. 920, 4 A.3d 1229 (2010). To the extent that the record is unclear as to how or whether the court considered defense counsel's argument regarding the defendant's mental condition, "[i]t is the responsibility of the appellant to provide an adequate record for review." Practice Book § 61-10. In the absence of any indication to the contrary, we assume that the court applied the correct legal standards. See *Singhaviroj* v. *Board of Education*, 301 Conn. 1, 17 n.12, 17 A.3d 1013 (2011).

That notwithstanding, the court's reasons for revoking the defendant's probation do not reveal an abuse of discretion.[3] The court found that in light of the defendant's extensive criminal history and his behavior while

---

[3] The defendant argues that the court improperly placed on him the "blame for the entire dysfunctional relationship" between him and Sanchez, despite his suggestion of a "more mutuality of inappropriate and provocative actions by" Sanchez and him. At issue in this case are the actions of the defendant, which the court, within its discretion, concluded warranted a revocation of his probation.

on probation, the beneficial aspects of probation were no longer being served. The court further found that the defendant had not made a reasonable attempt to alter his lifestyle in order to be in compliance with the terms of his probation. The court highlighted the defendant's history of assaultive behavior and his violent and dangerous actions on the night in question. The court properly considered whether the beneficial aspects of probation were being served and whether the public was adequately protected. The court did not abuse its discretion by revoking the defendant's probation and reinstating the remainder of his original sentence.

The appeal is dismissed as moot only as to the claim that there was insufficient evidence to establish that the defendant violated his probation. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

