STATE OF CONNECTICUT *v.* SEAN T. RICKETTS
(AC 33059)

Beach, Bear and Bishop, Js.

Argued October 25, 2012—officially released January 15, 2013

*Robert T. Rimmer*, special public defender, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Chris A. Pelosi*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Sean T. Ricketts, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. The defendant claims that (1) the evidence was insufficient to support the finding that he had violated the terms of his probation and (2) the court abused

its discretion in sentencing him for a violation of probation. We affirm the judgment of the trial court.

The trial court found the following facts. On January 29, 2008, the defendant was convicted of robbery in the second degree in violation of General Statutes § 53a-135 and was sentenced to ten years incarceration, execution suspended after two and one-half years, and five years probation. His probationary period commenced upon his release from prison on November 17, 2009. A condition of his probation was that he not violate any criminal laws of this state. On February 19, 2010, at approximately 8:07 p.m., Hartford police officers noticed an Acura parked with the engine running and the lights on. Four individuals were in the car; the defendant was in the backseat. The officers saw a second car drive up to the Acura and park. Suspecting that a hand-to-hand drug transaction was occurring, the officers drove toward the Acura, and the Acura drove away at a high speed. The officers activated the lights and sirens on the patrol car. The officers saw the two rear passengers engage in movement as if they were trying to retrieve or conceal something. Once the Acura stopped, the officers saw a firearm under the front passenger seat. The firearm was later tested and found to be operable. None of the occupants had a valid permit to carry a firearm. The following day, at approximately 1 a.m., a judicial marshal found a bag of contraband in the defendant's pocket while the defendant was being processed into lockup. The substance later tested positive for marijuana.

The court concluded that the defendant violated the terms of his probation. The court vacated the January 29, 2008 sentence and sentenced the defendant to seven years incarceration, execution suspended after five years, with four years and nine months probation. This appeal followed.

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing." (Citations omitted; internal quotation marks omitted.) *State* v. *Hill*, 256 Conn. 412, 425, 773 A.2d 931 (2001).

"[A] probation revocation proceeding is civil in nature and, therefore, does not require all of the procedural components associated with an adversary criminal proceeding." (Internal quotation marks omitted.) *State* v. *Holmes*, 70 Conn. App. 4, 8, 796 A.2d 561 (2002). "In a probation revocation proceeding, the state bears the burden of proving by a fair preponderance of the evidence that the defendant violated the terms of his probation. . . . As a reviewing court, we may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *State* v. *Lanagan*, 119 Conn. App. 53, 59–60, 986 A.2d 1113 (2010).

"The standard of review of the trial court's decision at the [dispositional] phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration." (Internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 377, 944 A.2d 276 (2008).

I

The defendant first claims that the evidence was insufficient to support the court's conclusion that he

had violated the terms of his probation by violating the law. He raises insufficiency claims regarding both bases for the court's conclusion: (1) that he possessed marijuana on the night in question and (2) that he violated General Statutes § 29-38. With respect to the former, he argues that "the state provided insufficient chain of custody evidence to allow a trial court to factually find that [the defendant] possessed marijuana based on the adduced evidence that a trained Hartford police officer was unable to find any marijuana on [the defendant] in a thorough search but that a judicial marshal (who could remember no other details of the event) ultimately discovered [it]."

Although the defendant characterizes this claim in terms of evidentiary sufficiency, it is, in essence, a claim that the court improperly admitted the marijuana into evidence.[1] The defendant failed to object to the admission of the marijuana as a full exhibit. As the defendant's evidentiary claim is unpreserved, we decline to afford it review. See, e.g., *State* v. *Cosby*, 99 Conn. App. 164, 171, 913 A.2d 1068 ("[a]ssigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing

[1] At any rate, a review of the evidential sufficiency of the court's conclusion that he had possessed marijuana would include review of all the evidence, including the marijuana introduced at trial, because "we review the sufficiency of the evidence as the case was tried . . . . [A] claim of insufficiency of the evidence must be tested by reviewing no less than, and no more than, the evidence introduced at trial." (Internal quotation marks omitted.) *State* v. *Coccomo*, 115 Conn. App. 384, 395, 972 A.2d 757, cert. granted on other grounds, 293 Conn. 909, 978 A.2d 1111 (2009); see also *State* v. *Rodriguez*, 39 Conn. App. 579, 592–93, 665 A.2d 1357 (1995) (reviewing all evidence in addressing sufficiency of evidence claim, including improperly admitted evidence, after ordering remand because trial court failed to suppress evidence), rev'd on other grounds, 239 Conn. 235, 684 A.2d 1165 (1996). The evidence introduced at trial, including the evidence that marijuana was found in the defendant's pocket, was sufficient to support the trial court's conclusion that he had violated the terms of his probation by possessing marijuana.

party to trial by ambush" [internal quotation marks omitted]), cert. denied, 281 Conn. 920, 918 A.2d 273 (2007).

Accordingly, we affirm the court's finding that the defendant violated his probation by being in possession of marijuana on February 20, 2010. This conclusion renders unnecessary any consideration of his claim that the court erred in finding him to have violated his probation by having violated § 29-38. "Our law does not require the state to prove that all conditions [of probation] alleged were violated; it is sufficient to prove that one was violated." *State* v. *Widlak*, 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d 1222 (2003).

II

The defendant next claims that the court abused its discretion in sentencing him to seven years incarceration, execution suspended after five years, with four years and nine months probation for violating the terms of his probation. Specifically, he argues that the court abused its discretion (1) because the maximum penalty for possession of a firearm without a permit under § 29-38 is five years incarceration and (2) because he should not have received any jail time for possession of marijuana because Public Act 11-71[2] "eliminated the opportunity to incarcerate any person in Connecticut for possession of less than one-half ounce of marijuana" and the marijuana at issue weighed 0.02 ounces.[3] We are not persuaded.

---

[2] Public Acts 2011, No. 11-71, § 1, which became effective on July 1, 2011, after the defendant's arrest, provides in relevant part: "(a) Any person who possesses or has under his control less than one-half ounce of a cannabis-type substance, as defined in section 21a-240 of the general statutes, except as authorized in chapter 420b of the general statutes, shall (1) for a first offense, be fined one hundred fifty dollars . . . ."

[3] The state introduced testimony from Laura Grestini, a chemist from the department of public safety's division of scientific services toxicology controlled substance laboratory, that the substance taken from the defendant

After the court found the defendant had violated his probation, the court could, under § 53a-32 (d) (4) "revoke the sentence of probation. . . . If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. . . ." The court acted within its discretion under § 53a-32 (d) (4) in sentencing the defendant to seven years incarceration, when he had served two and one-half years of his ten year sentence.

The question in the dispositional phase is not how much time, if any, the defendant would serve for being in possession of 0.02 ounces of marijuana and/or for being in possession of a firearm without a permit.[4] Rather, the seven year sentence, suspended after five years, is punishment for the criminal conduct that led to his 2008 conviction. See *State* v. *Fagan*, 280 Conn. 69, 107 n.24, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). "[T]he element of punishment in probation revocation of [the] defendant is attributable to the crime for which he [or she] was originally convicted and sentenced. Thus, any sentence [the] defendant had to serve as the result of the [probation] violation . . . was punishment for the crime of which he [or she] had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted." (Internal quotation marks omitted.) Id. Rather, the ultimate question in the dispositional phase is "whether the probationer is still a good risk . . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Internal quotation marks omitted.) *State*

tested positive for marijuana and weighed 0.673 grams. This roughly converts to 0.02 ounces.

[4] The defendant acknowledges in his brief that the "maximum penalties attributable to [the defendant] relate back to his prior conviction . . . ."

v. *Preston*, supra, 286 Conn. 377. After making this assessment, the court exercised its discretion in sentencing the defendant according to § 53a-32 (d) (4).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We further note that to the extent that the defendant challenges the length of the sentence, we cannot review such claims because those claims should be made through the sentence review process under General Statutes § 51-195. See *State* v. *Fagan*, supra, 280 Conn. 107 n.24.