# STATE OF CONNECTICUT *v.* SANTOS T.*
## (AC 34653)

DiPentima, C. J., and Bear and Borden, Js.

Argued September 19—officially released October 29, 2013

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Matthew J. Collins*, assigned counsel, for the appellant (defendant).

*Lisa Herskowitz*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anne Mahoney*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The issue in this appeal is whether the trial court abused its discretion in sentencing the defendant, Santos T., to fifteen years of incarceration followed by ten years of special parole after it found that he had violated his probation. We conclude that the court's sentence did not constitute an abuse of discretion and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On November 13, 2001, the defendant pleaded nolo contendere to two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). The court accepted his plea, found him guilty and ordered a total effective sentence of thirty-five years incarceration, execution suspended after ten years, and thirty-five years of probation. The court also imposed conditions of probation, including registering as a sex offender.

The defendant was released from the custody of the Commissioner of Correction on June 28, 2010. Jose Aparicio, a probation officer, began supervising the defendant on that date. Aparicio reviewed the conditions of probation with the defendant. In September, 2011, the defendant was arrested and arraigned on a warrant charging him with violating his probation in violation of General Statutes § 53a-32. After a hearing,

the court found that the defendant had been informed of the terms of his probation and that he had violated those terms.[1] Specifically, the defendant had stayed overnight at his former wife's residence, where a child was present, and he had been near a park entrance, both of which were contrary to the terms of his probation.[2]

At the dispositional phase of the proceeding, after considering the testimony and evidence presented, including a statement from the defendant, and hearing argument from counsel, the court sentenced the defendant to fifteen years incarceration, followed by ten years of special parole. This appeal followed.[3]

"[R]evocation of probation hearings, pursuant to § 53a-32, are comprised of two distinct phases, each with a distinct purpose. . . . In the evidentiary phase, [a] factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. . . . In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing." (Citation omitted; internal quotation marks

---

[1] On appeal, the defendant does not challenge the court's finding that he violated the terms of his probation.

[2] The terms of the defendant's probation prohibited him from moving from his approved residence or sleeping elsewhere overnight without his probation officer's prior knowledge and permission, and from going near or loitering near school yards, parks, playgrounds, swimming pools, arcades or any places primarily used by children under the age of sixteen.

[3] In his appellate brief, the defendant argued that the court sentenced him to the maximum term allowable for violating his probation. The state correctly countered that the court could have sentenced the defendant to twenty-five years incarceration. At oral argument before this court, the defendant acknowledged the "error" in his brief and restated his claim on appeal to be that, under the totality of the circumstances, the court's sentence constituted an abuse of discretion.

omitted.) *State* v. *Maurice M.*, 303 Conn. 18, 25–26, 31 A.3d 1063 (2011); *State* v. *Benjamin*, 299 Conn. 223, 231, 9 A.3d 338 (2010).

We employ the abuse of discretion standard when reviewing the decision of the trial court at the sentencing phase of a revocation of probation hearing. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citation omitted; internal quotation marks omitted.) *State* v. *Rodriguez*, 130 Conn. App. 645, 649–50, 23 A.3d 826 (2011); see also *State* v. *Faraday*, 268 Conn. 174, 185–86, 842 A.2d 567 (2004); *State* v. *Dwight G.*, 123 Conn. App. 760, 763, 3 A.3d 132, cert. denied, 299 Conn. 905, 10 A.3d 523 (2010). "A defendant who seeks to reverse the exercise of judicial discretion assumes a heavy burden." (Internal quotation marks omitted.) *State* v. *Fagan*, 280 Conn. 69, 104, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007).

In revoking the probation and sentencing the defendant to fifteen years incarceration and ten years of

special parole, the court noted that although the defendant knew that he was being monitored closely with a global positioning system, he still went to the park entrance, a prohibited area. The court also stated that the defendant did not indicate any desire to stop his prohibited behaviors, that his participation in group therapy was minimal and that he previously had been convicted twice of sexually abusing a child. Contrary to the argument in the defendant's appellate brief, the court did not focus solely on "the egregiousness of the underlying conviction." Rather, the court considered all of the relevant circumstances surrounding the defendant's violation of probation. The obligation to comply with all the terms of his probation and, in particular, to stay away from certain locations, was fundamental to the defendant's rehabilitation and the protection of society. See *State* v. *Agli*, 122 Conn. App. 590, 596, 1 A.3d 133, cert. denied, 298 Conn. 920, 4 A.3d 1229 (2010). The defendant's failure to meet this obligation provided a sound basis for the court to conclude that he was no longer a good risk to remain on probation. See *State* v. *Hill*, 256 Conn. 412, 427, 773 A.2d 931 (2001). On the basis of the record before us, we cannot conclude that the court abused its discretion in revoking the defendant's probation. See *State* v. *Mapp*, 118 Conn. App. 470, 479, 984 A.2d 108 (2009), cert. denied, 295 Conn. 903, 988 A.2d 879 (2010).

The defendant also appears to argue that the sentence imposed by the court was excessive for what he described as a "technical violation" of his probation. We disagree, and, as we have noted, the court's sentence was based on a consideration of all of the facts relating to the defendant and his violation of probation. We are mindful that "[t]he element of punishment in probation revocation of [the] defendant is attributable to the crime for which he [or she] was originally convicted and sentenced. Thus, any sentence [the] defendant had to serve

as the result of the [probation] violation . . . was punishment for the crime of which he [or she] had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted." (Internal quotation marks omitted.) *State* v. *Ricketts*, 140 Conn. App. 257, 263, 57 A.3d 893, cert. denied, 308 Conn. 909, 61 A.3d 531 (2013); see also *State* v. *Smith*, 207 Conn. 152, 178, 540 A.2d 679 (1988). We therefore reject the defendant's argument that the court's sentence was excessive. See *State* v. *Fagan*, supra, 280 Conn. 107 n.24; *State* v. *Fisher*, 121 Conn. App. 335, 354, 995 A.2d 105 (2010).

The judgment is affirmed.