******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JOSUE RODRIGUEZ
(SC 19199)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Robinson and Vertefeuille, Js.

*Argued November 4, 2015—officially released March 15, 2016*

*David V. DeRosa*, assigned counsel, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, was *Brian Preleski*, state's attorney, for the appellee (state).

*Opinion*

McDONALD, J. When a criminal defendant has been found to have violated the terms of his probation on the basis of allegations that he has committed a new crime while on probation, his appeal from the finding of violation of probation, contending that there was insufficient evidence for the trial court to conclude that he committed the new crime, is rendered moot if, subsequent to that finding, he either pleads guilty to or is convicted at trial of having committed the new crime. This is true because, as a matter of law, when a condition of probation is that the offender is to refrain from violating any criminal laws, conviction of a new crime conclusively establishes a probation violation. In *State v. T.D.*, 286 Conn. 353, 360, 944 A.2d 288 (2008), however, we recognized a narrow exception to this rule: when a defendant under these circumstances takes a timely direct appeal from his conviction on the new criminal charge, his violation of probation cannot be presumed, and an appellate court is not barred from considering the merits of the probation violation appeal. The question presented by this appeal is whether this exception to the mootness doctrine extends to cases in which the defendant fails to take a timely appeal from his guilty plea to the new crime but, instead, challenges the plea collaterally in a habeas corpus proceeding. We conclude that a habeas corpus petition, unlike a direct appeal, does not keep alive a defendant's claim that there was insufficient evidence to find him in violation of his probation.

The relevant factual and procedural history is set forth in the opinion of the Appellate Court. See *State v. Rodriguez*, 130 Conn. App. 645, 646–49, 23 A.3d 826 (2011). "In 2005, the defendant [Josue Rodriguez] was convicted of sale of narcotics in violation of General Statutes § 21a-277 (a), and sentenced to twelve years incarceration, execution suspended, with five years probation. As a condition of the defendant's probation, he was not to violate the criminal laws of the state. In 2007, the defendant was convicted of risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and burglary in the third degree in violation of General Statutes § 53a-103. He was sentenced to a total effective term of ten years incarceration, execution suspended, and five years probation. The defendant also was found in violation of his probation imposed in 2005, as a result of those offenses. His probation was not revoked, but, rather, it was to run concurrently with the probationary term imposed for the [2007] conviction. The conditions of his [2007] probation included, inter alia, no contact with the victim, Damaris Sanchez, and a 'zero tolerance' provision for any [future] violations." Id., 646–47.

"In the early morning hours on November 14, 2008, Sanchez, the defendant's former wife with whom he had an 'on and off' relationship, was asleep in her home

when she awoke to the smell of gasoline fumes. When she looked outside the house, she saw a shadowy human figure walk near the front of her house. When she saw the person's face, she recognized the person as the defendant. She saw the defendant light a lighter near the hood of her car, and she yelled to him, 'what are you doing to my car.' The defendant ran away. Once outside, Sanchez noticed that the defendant had vandalized her house and car with obscene words and phrases.

"On April 13, 2009, the court found that the defendant violated his probation by committing criminal mischief and violating the no contact order. The court revoked his probation and sentenced him to serve the entire twelve years of his original 2005 sentence." Id., 647.

Later that day, the defendant "appeared before another judge on the underlying criminal charges and pleaded guilty, pursuant to the *Alford* doctrine,[1] to attempt to commit arson in the second degree in violation of General Statutes §§ 53a-112 and 53a-49. The defendant was thereafter sentenced to eight years incarceration, concurrent to the twelve year sentence imposed for violating probation." Id., 648–49.

The defendant filed a timely appeal from the judgment of the trial court finding him in violation of his 2005 probation, contending, among other things, that there was insufficient evidence for the court to find by a preponderance of the evidence that he had violated the terms of his probation. Id., 646. The defendant, however, did not take a timely appeal challenging his guilty plea to the charge of attempt to commit arson. Instead, on July 30, 2009, three months after the period in which to take an appeal had expired, he filed a petition for habeas corpus, claiming that the attorney who represented him at both of the April 13, 2009 hearings was ineffective and subject to conflicts of interest, and seeking relief from both the arson conviction and the finding of probation violation. *Rodriguez* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. TSR-CV-09-4003132-S.

On appeal from the trial court's judgment finding a violation of probation, the Appellate Court dismissed the defendant's sufficiency challenge as moot. *State* v. *Rodriguez*, supra, 130 Conn. App. 649. Relying on its decision in *State* v. *Milner*, 130 Conn. App. 19, 21 A.3d 907 (2011), appeal dismissed, 309 Conn. 744, 72 A.3d 1068 (2013), the Appellate Court concluded that the defendant's plea of guilty to the arson charge conclusively established that he had violated the terms of his 2005 probation. The court also concluded that his collateral challenge by way of the habeas corpus petition, contending that the plea was the result of ineffective counsel, did not create or revive an actual controversy as to whether he had violated probation. *State* v. *Rodriguez*, supra, 648–49.

We granted certification to appeal, limited to the following question: "Did the Appellate Court properly conclude that the defendant's sufficiency of the evidence challenge to the trial court's finding that he had violated his probation was rendered moot by his guilty plea to the underlying criminal charges, despite the fact that he is now challenging that guilty plea in a pending habeas corpus proceeding?" *State* v. *Rodriguez*, 310 Conn. 907, 76 A.3d 628 (2013). After oral argument, we also asked the parties to submit supplemental briefs addressing the question whether, if we conclude that the present appeal is moot, and if the defendant subsequently were to prevail in his habeas action resulting in the vacating of the underlying arson conviction, either this court or the habeas court would have the jurisdiction and authority to reinstate his appellate rights in this matter. Additional facts will be set forth as appropriate.

The defendant's principal claim is that the Appellate Court improperly determined that his appeal, contending that there was insufficient evidence to support the trial court's finding that he had violated the terms of his probation, was moot because he subsequently pleaded guilty to one of the alleged crimes underlying that finding. Specifically, he contends that, by filing a habeas corpus petition attacking that guilty plea during the pendency of the violation of probation appeal, he preserved a live controversy as to whether he did in fact commit a crime while on probation. The state, by contrast, contends that seeking habeas relief from the intervening conviction, unlike a timely appeal, does not preserve a live controversy with respect to the underlying criminal conduct and, accordingly, that the Appellate Court properly concluded that the defendant's appeal was moot. We agree with the state.

The following principles and precedents are relevant to the disposition of the defendant's claim. "For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; internal quotation marks omitted.) *State* v. *T.D.*, supra, 286 Conn. 361. Mootness presents a question of law over which we exercise plenary review. Id.

In *State* v. *McElveen*, 261 Conn. 198, 203, 217, 218, 802

A.2d 74 (2002), "the defendant's probation was revoked after he was found to have violated it by attempting to rob a food delivery person. . . . The defendant appealed from the judgment revoking his probation, claiming that the evidence was insufficient to support the finding of a violation. . . . During the pendency of his appeal, the defendant pleaded guilty to one count of attempted robbery in the third degree. . . . Consequently, we concluded that the appeal was moot because there no longer existed an actual controversy over whether the defendant had committed the criminal conduct underlying the violation of probation. . . . We explained [that] [t]he defendant is seeking review of the trial court's determination that he violated probation by virtue of his criminal conduct . . . . By admitting to that very conduct by virtue of his guilty plea and the resultant judgment of conviction of attempted robbery in the third degree . . . the defendant has eliminated the controversy before the court." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, supra, 286 Conn. 362. We reaffirmed the holding of *McElveen* in *State* v. *Singleton*, 274 Conn. 426, 438–39, 876 A.2d 1 (2005).

Subsequently, in *State* v. *T.D.*, supra, 286 Conn. 363–65, we concluded that a judgment of conviction of the underlying crime following a guilty verdict by a jury will have the same effect as a guilty plea: extinguishing, as a matter of law, any controversy as to whether the defendant committed that crime and rendering moot any appeal alleging that there was insufficient evidence to support a violation of probation. In that case, however, we nevertheless concluded that the defendant's appeal was not moot because, unlike in *McElveen* and *Singleton*, the defendant in *T.D.* took a timely appeal from the underlying judgment of conviction. Id., 365–66. "Given the existence of essentially contemporaneous appeals," we concluded, "there remained a live controversy over whether the defendant had engaged in the criminal conduct underlying the violation of probation." Id., 366. We stated the rule as follows: "When . . . [a] defendant has pursued a timely appeal from a conviction for criminal conduct and that appeal remains unresolved, there exists a live controversy over whether the defendant engaged in the criminal conduct, and an appeal challenging a finding of violation of probation stemming from that conduct is not moot." Id., 366–67.

Most recently, in *State* v. *Milner*, supra, 130 Conn. App. 27, the Appellate Court considered whether to extend this rule to defendants who fail to take a timely appeal from a judgment of conviction resulting from a guilty plea or a guilty verdict on the underlying crime, but instead seek habeas relief from that conviction. After considering the "cogent arguments" on both sides of the issue, the Appellate Court concluded that a collateral attack on the intervening criminal conviction does not have the same effect as a direct appeal in preserving

a live controversy as to a violation of probation finding predicated on the underlying criminal conduct. Id. That court identified two policy reasons favoring a bright line rule distinguishing direct appeals from collateral challenges in this context.

First, the court noted that "[t]here is no time limitation, other than considerations of custody and collateral consequences, on the filing of a petition seeking habeas corpus relief, and, additionally, several years can pass between the filing of a claim for habeas corpus relief and its disposition." Id., 28. Although the Appellate Court did not explain the import of this distinction, the concern presumably is that whereas a direct appeal has a single, continuous life span beginning within a circumscribed period after conviction and ending at a well-defined point of termination, habeas petitions—both original and successive—may be filed at any time. This means that, under the rule proposed by the defendant, an appeal from a finding of violation of probation might repeatedly be mooted and then revived, depending on whether a defendant chose to pursue habeas relief for the underlying criminal conviction at the time. This would give rise to confusion and disruption; see, e.g., *State* v. *Milner*, 309 Conn. 744, 752 and n.9, 72 A.3d 1068 (2013); and create the potential for gamesmanship as well.

Second, even if, as in the present case, the habeas petition is filed relatively soon after the conviction, the Appellate Court emphasized that there is a clear jurisprudential distinction between direct appeals and collateral challenges: "[T]he mootness consideration underlying the bar [on challenging the evidentiary sufficiency of a finding of probation violation predicated on criminal conduct of which the probationer was subsequently convicted] is not whether practical relief can be afforded, but, rather, whether a live controversy exists as to whether the defendant committed the criminal conduct." *State* v. *Milner*, supra, 130 Conn. App. 28. While a timely appeal *preserves* a live controversy, the Appellate Court reasoned, a habeas corpus petition at best *revives* a controversy after the conviction has become final. Id., 27 and n.2. Therefore, the court concluded, the rationales underlying the direct appeal exception that we carved out in *T.D.* simply do not apply in the habeas context. Id., 27–28.

For these reasons, the Appellate Court in *Milner* dismissed as moot the defendant's claim that there was insufficient evidence to support the finding of violation of probation. Id., 36. We granted certification in *Milner* to consider the question presented herein; *State* v. *Milner*, 302 Conn. 926, 28 A.3d 226 (2011); but we subsequently dismissed the appeal as moot when that defendant failed to prosecute his habeas case. *State* v. *Milner*, supra, 309 Conn. 747. The question is now squarely before us.[2]

Having considered the parties' arguments, we are persuaded that *Milner* was correctly decided, and that "a collateral attack on the intervening criminal conviction does not serve to revive the controversy such that mootness is averted." *State* v. *Milner*, supra, 130 Conn. App. 27. In addition to the concerns regarding the finality of judgments and the timeliness and continuity of appeals on which the Appellate Court relied, we note that the rule in *Milner* promotes judicial economy. When the underlying conviction in a probation revocation hearing is the subject of a habeas petition, the most efficient approach will be to allow the habeas petition to proceed to resolution before expending judicial resources on a direct appeal of a finding of violation of probation, the merits of which may depend in large part on the outcome of the habeas case. If the defendant fails to prevail on his habeas petition, there will be no grounds ever to appeal the sufficiency of evidence supporting the probation violation. If he does prevail, as we explain hereinafter, the habeas court may provide an appropriate forum for raising those claims. Lastly, we recognize that a contrary rule could have the undesirable effect of promoting gamesmanship by those who find themselves in the defendant's position.

The defendant offers three primary arguments for treating collateral challenges the same as direct appeals for mootness purposes, none of which is compelling. First, he makes the somewhat circular argument that, by allowing a habeas petition attacking the underlying criminal conduct to preserve a live controversy for the purposes of a parallel probation violation proceeding, we would reduce or eliminate the incidence of habeas petitions claiming that, by advising a defendant to enter a guilty plea on the intervening charges (and thus sabotaging his violation of probation appeal), defense counsel provided ineffective legal assistance. Of course, this court, as well as the legislature and the judges of the Superior Court, could reduce the incidence of ineffective assistance of counsel claims by eliminating all manner of rules and procedures the ignorance of which may lead unwary counsel to offer poor advice. We think the more prudent course, however, is to trust in the diligence and competence of the defense bar to provide sound professional advice under such circumstances.

The defendant's second argument is that it is unfair to force a defendant to choose between (1) pleading guilty to the underlying criminal charges, and thereby rendering moot his violation of probation appeal, or (2) contesting the underlying criminal charges, and thus running the risk that, if he is later convicted thereof, he will not receive presentence jail credit for any time spent in jail before he is sentenced. If the argument is that a defendant who intends to contest his guilt on the underlying charges should have the right to game the system by pleading guilty to those charges, beginning

to accrue presentence credit, and then attacking the voluntariness of the plea in a habeas proceeding while he simultaneously appeals the finding of violation of probation, the defendant has suggested no basis or authority for such a right, and we are aware of none.

The defendant's third argument is that, if we conclude that a collateral attack on the plea to the underlying criminal charge does not avert mootness of the violation of probation appeal, then, should he prevail on the former, he would be deprived, unfairly, of the opportunity to obtain relief with respect to the latter finding. We disagree. In his amended petition for a writ of habeas corpus, the defendant purported to challenge the validity of his guilty plea to the arson charge. The first claim of the petition, however, alleged that Attorney William Gerace, who represented the defendant in his three criminal cases relevant to this appeal and the corresponding pleas in those criminal cases, was precluded from providing representation to the defendant commencing with his second criminal case, which resulted in the 2007 risk of injury and burglary convictions, due to a conflict of interest. Moreover, in his second habeas claim, alleging ineffective assistance of counsel and failure to investigate, the defendant alleged not only that Gerace failed to effectively advise him as to the legal consequences of his guilty plea to the arson charge in his third criminal case, but also that, during the violation of probation hearing, "Attorney Gerace failed to object to Judge Espinosa's conclusion that the victim was a battered woman in the absence of any evidence substantiating that conclusion." Consistent with these claims, the defendant requested, by way of relief, not only that the habeas court withdraw or vacate all of his guilty pleas in his three criminal cases, resulting in the narcotics, risk of injury, burglary, and arson convictions, but also that the court vacate the finding of violation of probation and order a new probation revocation hearing on the merits. In light of the expansive relief the defendant is seeking in the habeas case, we conclude that, should he prevail in his attack on the arson plea, the habeas court also may afford him appropriate relief in the violation of probation matter.[3]

For these reasons, we conclude that the Appellate Court properly determined that, by pleading guilty to attempt to commit arson while he was on probation, the defendant rendered moot his claim that there was insufficient evidence for the trial court to find that he had violated the terms of his probation. We further conclude that by filing a subsequent habeas petition attacking that plea the defendant did not revive the controversy so as to render his direct appeal justiciable. Because we affirm the Appellate Court's determination that the defendant's sufficiency of evidence claim must be dismissed as moot, we do not consider the defendant's substantive arguments as to the merits of that claim.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] In the habeas case, the habeas court, *Sferrazza, J.*, denied the present defendant's petition. *Rodriguez* v. *Warden*, supra, Superior Court, Docket No. TSR-CV-09-4003132-S. That case presently is on appeal to the Appellate Court, however, and so remains a live controversy. See *Rodriguez* v. *Commissioner of Correction*, Connecticut Appellate Court, Docket No. AC 35929. On October 7, 2015, the Appellate Court stayed the habeas appeal pending the outcome of the present case.

[3] If the habeas court were to afford the defendant the full relief he seeks—including vacating the finding of probation violation and ordering a new hearing on the merits—then a pending direct appeal from that finding of probation violation would be unripe. Even if the habeas court were to allow the defendant only to withdraw his arson plea but leave the finding of probation violation undisturbed, that court's broad remedial powers encompass the authority, under appropriate circumstances, to reinstate his appellate rights in a matter under its jurisdiction. See *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 137–38, 7 A.3d 911 (2010). We do not foreclose, however, the possibility that, if the defendant prevails in his collateral attack on the arson plea but the habeas court does not then afford him any meaningful opportunity to obtain review of the finding of violation of probation, he may petition this court for the reinstatement of his appellate rights.