******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MARQUE
GREENE-PENDERGRASS
(AC 45493)

Bright, C. J., and Moll and Flynn, Js.

*Syllabus*

The defendant appealed from the judgments of the trial court revoking his probation in two separate dockets and sentencing him to an additional period of incarceration, claiming, inter alia, that the court abused its discretion in considering pending charges against him when making its decision. *Held*:

The trial court did not improperly rely on various pending charges against the defendant in revoking his probation and imposing a term of incarceration, as, during a probation revocation hearing, a court may consider evidence of crimes for which the defendant was indicted but neither tried nor convicted.

In light of the entire record, the trial court did not abuse its discretion when it imposed a total effective sentence representing nearly all of the defendant's remaining suspended sentences.

Argued September 5—officially released October 15, 2024

*Procedural History*

Substitute information in the first case charging the defendant with possession of narcotics with intent to sell, brought to the Superior Court in the judicial district of Ansonia-Milford, geographical area number twenty-two, where the defendant was presented to the court on a plea of guilty, and substitute information in the second case charging the defendant with possession of narcotics with intent to sell, brought to the Superior Court in the judicial district of New Haven, geographical area number twenty-three, where the defendant was presented to the court, *Scarpellino, J.*, on a plea of guilty; judgments of guilty in accordance with the pleas; thereafter, information in each case charging the defendant with violation of probation, brought to the Superior Court in the judicial district of New Haven, geographical area number twenty-three, and tried to the court, *B.*

*Fischer, J.*; judgments revoking the defendant's probation, from which the defendant appealed to this court. *Affirmed.*

*Kirstin B. Coffin*, assigned counsel, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *John P. Doyle*, state's attorney, and *Melissa Holmes*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The issue presented in this appeal is whether the trial court abused its discretion in revoking the probation of the defendant, Marque Greene-Pendergrass, and sentencing him to five years of incarceration. We conclude that the court did not abuse its discretion and, accordingly, affirm the judgments of the trial court.

The record reveals the following facts. On January 18, 2017, in the Superior Court in the judicial district of New Haven, the defendant was convicted of possession of narcotics with intent to sell and was sentenced to seven years of incarceration, execution suspended after twenty-one months, and two years of probation (New Haven matter). On January 19, 2017, in the Superior Court in the judicial district of Ansonia-Milford, the defendant was convicted of possession of narcotics with intent to sell and was sentenced to seven years of incarceration, execution suspended after twenty months, and three years of probation (Milford matter). The sentences in the New Haven and Milford matters were concurrent. In both matters, the defendant physically was released from the custody of the Department of Correction on September 7, 2018, and, at that time, his two year term of probation commenced. The defendant signed the conditions of his probation, which included submitting to any required psychological counseling,

reporting as required by his probation officer, and keeping his probation officer informed of his current address. Subsequently, in both the New Haven and Milford matters, the defendant was charged with violation of probation.

Following a hearing, the court found that the defendant had violated the conditions of his probation in the following ways: (1) he was negatively discharged twice from a substance abuse counseling and treatment program; (2) he failed to report to his probation officer on three separate occasions; and (3) he provided his probation officer with an invalid address for his residence.

In determining whether the defendant's probation should be revoked and what sentence to impose, the court considered multiple factors. The court discussed the defendant's "substantial criminal history," noting that he pleaded guilty in September, 2013, to assault, robbery, and violation of a protective order and, following his release from incarceration as to those offenses, he pleaded guilty in the New Haven and Milford matters to criminal possession of narcotics with intent to sell. Once on probation in those two matters, the defendant violated three conditions of his probation. The court detailed the defendant's additional criminal cases, which were pending at the time of the violation of probation hearing. The court stated that it had reviewed the four arrest warrants in those pending matters and noted there had been findings of probable cause. The court explained that the warrants concerned allegations that the defendant had stolen an envelope containing $1760; had been involved in a "very violent domestic matter" that involved the assault with a firearm and strangulation of a pregnant woman while children witnessed the incident, and culminated in the defendant driving away in the victim's car; had been in contact with the victim in violation of a protective order in an

attempt to influence her version of events; and had tampered with witnesses by encouraging them to lie about the assault. The court revoked the defendant's probation in both the New Haven and Milford matters and sentenced him to five years of incarceration in each matter. This appeal followed.

The defendant does not contest the court's findings that he violated the terms of his probation. He argues instead that the court abused its sentencing discretion in relying on pending charges when it revoked his probation and imposed a five year sentence.[1] We disagree.

"A revocation proceeding is held to determine whether the goals of rehabilitation thought to be served by probation have faltered, requiring an end to the conditional freedom obtained by a defendant at a sentencing that allowed him or her to serve less than a full sentence." (Internal quotation marks omitted.) *State* v. *Hill*, 256 Conn. 412, 427, 773 A.2d 931 (2001). In the sentencing phase of a violation of probation hearing, the court is vested with broad discretion to decide whether to revoke probation and require the defendant to serve the sentence imposed or any lesser sentence.[2] See *State* v. *Santos T.*, 146 Conn. App. 532, 535, 77 A.3d 931, cert. denied, 310 Conn. 965, 83 A.3d 345 (2013).

The court considered many factors in its decision to revoke the defendant's probation and to impose a sentence of incarceration, including the defendant's

---

[1] The defendant concedes in his brief that, because he did not object to the introduction of the arrest warrants, any confrontation clause or hearsay claims are unpreserved and unreviewable.

[2] Pursuant to General Statutes § 53a-32, violation of probation hearings are comprised of an evidentiary phase wherein a trial court makes a factual determination as to whether a probationer has violated a condition of probation and a dispositional phase wherein, if a violation is found, the court then determines whether probation should be revoked because the beneficial aspects of probation are no longer being served. See *State* v. *Maurice M.*, 303 Conn. 18, 25–26, 31 A.3d 1063 (2011).

past criminal history, his three violations of probation in connection with the New Haven and Milford matters, and his pending criminal charges. The court explained that "because [the charges relating to the New Haven and Milford matters] would have been the second substantial sentence he served, you know when you're on probation, you're on very thin ice. You have to be on your best behavior and you weren't. I've already found you in violation of the probation. Now, in imposing a fair and just sentence, our statutes and our case law [allow] the judge to consider other pending cases . . . ."

The court did not abuse its discretion in considering the pending charges. "[D]uring a probation revocation hearing, a court may consider the types of information properly considered at an original sentencing hearing because a revocation hearing is merely a reconvention of the original sentencing . . . . *The court may, therefore, consider* hearsay information, *evidence of crimes for which the defendant was indicted but neither tried nor convicted,* evidence of crimes for which the defendant was acquitted, and evidence of indictments or informations that were dismissed. . . . For the determination of sentences, justice generally requires consideration of more than the particular acts for which the crime was committed and that there be taken into account the circumstances of the offense together with the character and the propensities of the offender. . . . Included as part of this consideration is conduct arising subsequent to the conviction and the underlying crime and prior to final sentencing." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *Pettigrew*, 117 Conn. App. 173, 179–80, 978 A.2d 159 (2009). The defendant's argument that the court improperly relied on the pending charges in revoking his probation and imposing a term of incarceration, therefore, is without merit.

The defendant further argues that the court abused its discretion in imposing a total effective sentence of five years, which time represented nearly all of his remaining suspended sentences, because his violations of probation were, according to the defendant, "technical" in that they were premised on violations of the terms of his probation and not the commission of new crimes. The court imposed a sentence requiring the defendant to serve five years of the five years and four months unexecuted portion of his sentences. In light of the whole record, including the defendant's (1) failures to provide a correct address to his probation officer and to report to his probation officer on three separate occasions when asked to do so, (2) being discharged twice from a substance abuse counseling and treatment program, (3) past criminal history, and (4) pending charges, the court did not abuse its discretion in imposing a five year sentence. See, e.g., *State* v. *Santos T.*, supra, 146 Conn. App. 535 ("On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Internal quotation marks omitted.)).

After a thorough examination of the record, we conclude that the court did not abuse its discretion in examining the defendant's whole probation record, including pending cases, along with other factors. The court reasonably exercised its discretion in revoking the defendant's probation in each matter and sentencing him to five years of incarceration.

The judgments are affirmed.